IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

ANDREW A. GOMEZ,

      Petitioner,

vs.                                    No. CV 18-00091 KG/KRS

R.C. SMITH, WARDEN, and
ATTORNEY GENERAL, STATE
OF NEW MEXICO,

      Respondents.

## ORDER TO SHOW CAUSE

THIS MATTER is before the Court *sua* sponte on the Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody. (Doc. 1). It appears from the face of the Petition and the attachments submitted by Petitioner Gomez that Petitioner's § 2254 claims are barred by the 1-year statute of limitations of 28 U.S.C. § 2244(d)(1). The Court will order Gomez to show cause within 30 days why the Petition should not be dismissed as time-barred.

Petitioner Andrew Anthony Gomez challenges the 45-year sentence imposed by the State of New Mexico, Second Judicial District Court, in Cause No. D-202-CR 1999-00768. On November 19, 1999, Petitioner pled guilty to thirteen counts of armed robbery, one count of attempt to commit first degree murder, and one count of possession of a firearm or destructive device by a felon. (Doc. 1-1 at 19-26). At the sentencing hearing held May 11, 2000, the Second Judicial District Judge stated

> "I will impose . . .a total sentence of 156 and ½ years. And of that sentence I
> will suspend all but 45 years to be served in the penitentiary, followed by
> 5 years of supervised probation."

(Doc. 1-1 at 51). Judgment was entered on Petitioner's conviction and sentence on July 25, 2000. (Doc. 1-2 at 1-5). Consistent with his plea agreement, Petitioner did not file a direct appeal. Approximately twelve years later, on August 17, 2012, Petitioner filed a Petition for Writ of Habeas Corpus in the Second Judicial District Court. (Doc. 1-2 at 6-14). The Second Judicial District Court denied the Petition for Writ of Habeas Corpus on March 3, 2016. (Doc. 1-2 at 37-49. The New Mexico Supreme Court denied a writ of certiorari to review the District Court's ruling on May 9, 2017. (Doc. 1-1 at 3).

Gomez then filed his Petition in this Court on January 29, 2018. (Doc. 1). In his Petition, Gomez challenges his sentence in Second Judicial District Cause No. D-202-CR 1999-00768 under 28 U.S.C. § 2254. (Doc. 1 at 1). He claims he should have received a 30-year sentence, rather than a 45-year sentence, and raises issues of ineffective assistance of counsel, lack of a knowing and voluntary plea, and failure of the plea agreement to conform to his "J and S." (Doc. 1).

Petitions for a writ of habeas corpus by a person in state custody under the Anti-Terrorism and Effective Death Penalty Act ("AEDPA") are governed by a one-year statute of limitations. 28 U.S.C. § 2244(d). Section 2244(d)(1) states:

> "A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence."

28 U.S.C. § 2244(d)(1).

Section 2244(d) further provides:
"The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection."

28 U.S.C. § 2244(d)(2). The 1-year AEDPA statute of limitations for filing a § 2254 petition begins to run from the time the judgment on the petitioner's conviction and sentence becomes final. *See* 28 U.S.C. § 2244(d). The judgment becomes final by conclusion of direct appellate review or expiration of the time for seeking direct appellate review. 28 U.S.C. § 2254(d)(1)(A).

This one-year statute of limitations is tolled when a state habeas corpus petition is filed. However, tolling occurs only when "a properly filed application for [s]tate post-conviction" relief is "pending." *See id.* § 2244(d)(2). A state habeas petition is "pending" and tolls the running of the statute of limitations from the date it is filed until it has achieved final resolution through the state's post-conviction procedures. *Carey v. Saffold*, 536 U.S. 214, 219–20 (2002); *see also Holland v. Florida*, 560 U.S. 631, 635, 638, (2010). To determine the point at which a petitioner's state habeas proceedings become complete, the Court looks to the state's procedural rules. *See Wade v. Battle*, 379 F.3d 1254, 1260–62 (11th Cir. 2004). The 1-year statute of limitations clock begins to run again when the proceedings on the state habeas corpus petition are finally concluded. *Holland v. Florida*, 560 U.S. at 638 (state habeas corpus proceedings were concluded and statute of limitations clock began to tick when the State Supreme Court issued its mandate). A § 2254 petition filed after the 1-year period has expired is time-barred. 28 U.S.C. § 2244(d).

3

The 1-year statute of limitations may be subject to equitable tolling. Equitable tolling is only available when an inmate diligently pursues his claims and demonstrates that the failure to timely file was caused by extraordinary circumstances beyond his control. *Marsh v. Soares,* 223 F.3d 1217, 1220 (10th Cir. 2000); *Burger v. Scott,* 317 F.3d 1133, 1141 (10th Cir. 2003). Ignorance of the law, ignorance of the limitation period, and inability to obtain legal assistance do not excuse the failure to file within the statutory time period. *See Miller v. Marr,* 141 F.3d 976, 977-78 (10th Cir. 1998); *Sanders v. Mahaffey,* No. 00-6101, 2000 WL 1730893, at *2 (10th Cir. Nov. 22, 2000); *Washington v. United States,* No. 99-3383, 2000 WL 985885, at *2 (10th Cir. July 18, 2000).

All of the claims asserted by Petitioner Gomez appear to have been available to him from the time the Judgment was entered on July 25, 2000. (Doc. 1-2 at 1-5). As a result, the limitation period of § 2244(d)(1)(A) appears to be the applicable period in this case. Applying § 2244(d)(1)(A), the statute of limitations on Petitioner's federal habeas corpus claims began running on August 24, 2000 and expired one year later on August 24, 2001. 28 U.S.C. § 2244(d)(1)(A). Although Gomez filed a state post-conviction habeas corpus petition, he waited twelve years after the Judgment on his conviction and sentence became final, and the state habeas proceedings did not toll the running of the statute of limitations. *Carey v. Saffold*, 536 U.S. at 219–20; *Holland v. Florida*, 560 U.S. at 635, 638. Therefore, the one-year statute of limitations of § 2244(d) appears to have expired more than fifteen years before he filed his Petition in this Court, and his claims under § 2254 are time-barred.

Absent equitable tolling, Petitioner's § 2254 claims seem to have been barred by the § 2244(d) statute of limitations well before his January 29, 2018 filing. *Miller v. Marr*, 141 F.3d at 977-78. Gomez does not address any statute of limitations issue or present any basis for equitable

tolling but, instead, claims that his "Petition is Timely." (Doc. 1 at 13, ¶ 18). Because it appears from the face of his Petition and the record that the Petition is, in fact, untimely, the Court will order Gomez to show cause why the case should not be dismissed as barred by the § 2244(d) statute of limitations. If Petitioner fails to show cause within the time allowed, the Court may dismiss the Petition without further notice.

**IT IS ORDERED** that Petitioner Andrew Anthony Gomez show cause within thirty (30) days of entry of this Order why the Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody (Doc. 1) should not be dismissed as barred by the one-year statute of limitations of 28 U.S.C. § 2244(d).

                                                                        _____
                                                                        UNITED STATES MAGISTRATE JUDGE